IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ROBERT ROCK, VERREE ROCK,
        Plaintiffs,

-vs-

CAUSE NO.:
A-7-CV-00065-SS

UNITED STATES OF AMERICA,
        Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled case, and specifically the United States of America (the Government)'s Motion for Summary Judgment [#56], Plaintiffs Robert Rock and Verree Rock's Response [#60] in opposition, the Government's Reply [#62] in support, and Plaintiffs' Sur-Reply [#65-1][1] thereto, as well as Plaintiffs' Motion for Summary Judgment [#58], the Government's Response [#59] in opposition, and Plaintiffs' Reply [#64] thereto. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background[2]

This case is one of many tax cases relating to American Agri-Corp (AMCOR) partnerships of the 1980s. The AMCOR agricultural partnerships generally allowed partners to report significant losses on tax returns because "farming expenses typically exceeded any income realized from farming activities." *Duffie v. United States*, 600 F.3d 362, 367 (5th Cir. 2010). The Internal Revenue Service (IRS) began investigating AMCOR partnerships in the late 1980s "to determine whether they were impermissible tax shelters." *Id.*

---

[1] Plaintiffs also filed a Motion for Leave to File Sur-Reply [#65], which this Court GRANTS.

[2] This case is closely related to *Foster et al v. United States of America*, 1:06-cv-00818-SS, in which the Court recently granted the Government's motion for summary judgment for similar reasons it does the same today.



## I. Statutory Background

This case centers on the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), which amended the Internal Revenue Code.[3] A brief review of TEFRA is necessary to provide context for this decision.

### A. TEFRA and Partnerships

In relevant part, TEFRA regulates the tax treatment of partnerships. As the United States Supreme Court has explained:

> A partnership does not pay federal income taxes; instead, its taxable income and losses pass through to the partners. 26 U.S.C. § 701. A partnership must report its tax items on an information return, § 6031(a), and the partners must report their distributive shares of the partnership's tax items on their own individual returns, §§ 702, 704.

*United States v. Woods*, 134 S.Ct. 557, 562 (2013). Congress enacted TEFRA, in part, to provide the IRS with a method for correcting errors on a partnership's returns in a single, unified proceeding. *Id.* at 562–63. "TEFRA requires partnerships to file informational returns reflecting the partnership's income, gains, deductions, and credits. Individual partners then report their proportionate share of the items on their own tax returns." *Rodgers v. United States*, 843 F.3d 181, 184 (5th Cir. 2016) (quoting *Irvine v. United States*, 729 F.3d 455, 459 (5th Cir. 2013)).

As an overarching framework, "TEFRA established three categories for items considered in the tax treatment of a partnership: partnership items, nonpartnership items, and affected items." *Id.* (citing 26 U.S.C. § 6231(a)(3)–(5)) (internal quotation marks omitted). TEFRA defines a "partnership item" as "any item required to be taken into account for the partnership's taxable year under any provision of Subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of [subtitle F], such item is more appropriately determined at

---

[3] TEFRA was formerly codified at 26 U.S.C. §§ 6221–6233. The Bipartisan Budget Act of 2015 repealed and replaced TEFRA and struck 26 U.S.C. § 7422(h), a jurisdictional provision addressed below. Pub. L. No. 114-74, 129 Stat. 625 (Nov. 2, 2015). Because this case concerns taxes assessed for taxable year 1985, the Court cites to the Internal Revenue Code (26 U.S.C.) as applied for 1985.

2

the partnership level than at the partner level." 26 U.S.C. § 6231(a)(3). TEFRA's corresponding regulations provided that items "more appropriately determined at the partnership level" include the gains, losses, deductions, and credits of a partnership. 26 C.F.R. § 301.6231(a)(3)–1. The term "partnership item" also "includes the accounting practices and the legal and factual determinations that underlie the determination of the amount, timing, and characterization of items of income, credit, gain, loss, deduction, etc." 26 C.F.R. § 301.6231(a)(3)–1(b).

By contrast, a "nonpartnership item" is "an item which is (or is treated as) not a partnership item." 26 U.S.C. § 6231(a)(4). "The tax treatment of nonpartnership items requires partner-specific determinations that must be made at the individual partner level." *Duffie*, 600 F.3d at 366. Finally, an "affected item" is "any item to the extent such item is affected by a partnership item." 26 U.S.C. § 6231(a)(5).

### B. TEFRA Two-Stage Proceedings

TEFRA created a two-stage procedure for the IRS to revise partnership-related tax matters: first, the IRS assesses partnership items, making any adjustments it deems necessary, and then the IRS may initiate proceedings against individual partners. *Rodgers*, 843 F.3d at 184. If the IRS decides to adjust partnership items during the first stage, it must notify the individual notice partners by issuing a Notice of Final Partnership Administrative Adjustment (FPAA). *Id.*

Partners can challenge a FPAA in partnership-level proceedings. *Rodgers*, 843 F.3d at 184. A partnership's tax matters partner (TMP) has the exclusive right to file a petition for readjustment of the partnership items in United States Tax Court or in a federal district court within ninety days of the FPAA's issuance. *Id.* at 184–85 (citing 26 U.S.C. § 6231(a)(7)). If the TMP does not challenge the FPAA within the ninety days, non-TMP notice partners may file a petition for readjustment within the following sixty days. *Id.* (citing 26 U.S.C. § 6226(b)(1)).

3

Regardless of who files it, if a partnership-level challenge is filed, each partner is deemed a party to the case and is bound by its outcome absent an agreement to the contrary. *Id.* at 185 (citing 26 U.S.C. § 6226(c)(1)); *see also Crnkovich v. United States*, 202 F.3d 1325, 1328 (Fed. Cir. 2000).

In a partnership-level proceeding, the Tax Court has jurisdiction to determine all partnership items for the tax year to which the FPAA relates. *Duffie*, 600 F.3d at 367. The Tax Court also has jurisdiction to determinate the proper allocation of the partnership items among the partners. *Id.* (citing 26 U.S.C. § 6226(f)). For tax years before 1997, the Tax Court does not have jurisdiction over nonpartnership items or over affected items. *Id.*

Partners and the IRS may reach an agreed decision in the Tax Court on partnership items in multiple ways. *See* TAX CT. R. 248. First, the TMP may enter into a settlement agreement with the IRS and certify that no party objects to the entry of decision; such a settlement, filed with the Court, binds all the parties.[4] TAX CT. R. 248(a). Alternatively, the IRS may move for entry of a decision if (1) all the participating partners agree or do not object and (2) the TMP agreed to the proposed decision without certifying an objection. TAX CT. R. 248(b)(1). Any party that subsequently objects to the entry of decision must file such objection with the Tax Court within sixty days of the IRS's motion. Finally, a partner may "individually settle[] his or her partnership tax liability with the IRS, [and] that partner will no longer be able to participate in the partnership level litigation, and will be bound instead by the terms of the settlement agreement." *Rodgers*, 843 F.3d at 184.

Once adjustments to the partnership items become final, the IRS may begin partner-level proceedings to adjust the affected tax liability of the individual partners. *Woods*, 134 S.Ct. at 563. Procedural next steps depend on whether affected items qualify as computational

---

[4] To bind non-notice partners to a settlement agreement resolving partnership items, the TMP must expressly state in the agreement that it "shall bind the other partners." *Duffie*, 600 F.3d at 367.

4

adjustments or as substantive affected items. A computational adjustment merely requires a mechanical change in the tax liability of a partner to properly reflect adjustment of a partnership item. *Duffie*, 600 F.3d at 366. Such an adjustment can only be made at the conclusion of the partnership level proceeding and can be applied without any factual determination at the partner level. *Id.* By contrast, a substantive affected item "is dependent upon factual determinations (other than a computation) relating to an adjustment made at the partner level" and requires "fact-finding particular to the individual partner." *Id* at 366, 385. (quotation omitted).

Where the affected item is substantive, the IRS is required to follow the deficiency procedures articulated in subchapter B of the Internal Revenue Code, which include mailing the partner a statutory notice of deficiency. 26 U.S.C. § 6230(a)(2)(A)(i). But where the affected items are only computational adjustments, deficiency procedures do not apply and the IRS is not required to issue a statutory notice of deficiency to the individual partner. *Duffie*, 600 F.3d at 385 (citing *Woody v. C.I.R.*, 95 T.C. 193, 202 (1990)). Instead, the IRS is merely required to mail the partner a notice of computational adjustment. *Id.*

## C.    Statute of Limitations

Generally, the IRS has three years from the filing date of a tax return to assess taxes. *See* 26 U.S.C. § 6501(a). When an additional tax assessment is attributable to a partnership item or an affected item, the three-year statute of limitations runs from the later of the date the partnership filed its informational return or the date such return was due. 26 U.S.C. § 6229(a). The Fifth Circuit has determined § 6229(a) is not "an independent statute of limitations for issuing FPAAs." *Curr-Spec Partners, L.P. v. C.I.R.*, 579 F.3d 391, 393 (5th Cir. 2009). The IRS may issue an FPAA at any time, but such FPAA "may affect only those partners whose

5

individual returns remain open under I.R.C. § 6501(a) or some extension thereto, such as the minimum period of I.R.C. § 6229(a) . . . ." *Id.* at 399.

The three-year statute of limitations can also be extended by agreement or tolled if an FPAA is mailed to the TMP. 26 U.S.C. § 6229(a), (d). If the TMP or another partner challenges the FPAA, then the statute of limitations is further tolled until one year following the conclusion of the partnership-level proceedings. *Id.*

Finally, where a partner claims the IRS "erroneously computed any computational adjustment[,]" the partner must file a claim for a refund within six months of the date the IRS mailed the notice of the adjustment to the partner. 26 U.S.C. § 6230(c)(2)(A).

## II. Facts

In 1985, Robert Rock[5] was as a limited partner in Agri-Venture Fund (AVF), an AMCOR-related agricultural partnership. Pls.' Mot. Summ. J. [#58] at 1. On March 5, 1986, AVF filed its informational partnership return (Form 1065) for 1985, signed by George Schreiber as "Sr. VP." Def.'s Mot. Summ. J. [#56-3] Ex. 2 (AVF Tax Filing). Approximately one month later, on April 4, 1986, Plaintiffs filed their 1985 joint tax return, reporting a loss of $297,668 from their investment in AVF. *Id.* [#56-4] Ex. 3 (Rocks' Tax Return) at 62.

On September 30, 1988, Schreiber was designated AVF's TMP. *Id.* [#56-6] Ex. 5 (TMP Designation). The same day, Schreiber signed a Consent to Extend the Time to Assess Tax Attributable to Items of a Partnership (Form 872-P), granting the IRS until April 30, 1991, to assess taxes or to issue an FPAA for the 1985 tax year. *Id.* [#56-7] Ex. 6 (Extension Consent).

---

[5] Verree Rock is only a party to this lawsuit because she filed a joint tax return with her husband, Robert Rock. Pls.' Mot. Summ. J. [#58] at 1.

6

In the meantime, the IRS began investigating many of the AMCOR partnerships. On April 10, 1991, the IRS issued an FPAA related AVF's partnership items reported in tax year 1985. *See Id.* [#56-8] Ex. 7 (Petition for Readjustment) at Ex. A.

In response, on July 10, 1991, Donald Housman, an AVF notice partner other than the TMP, filed a partnership-level lawsuit contesting the FPAA in United States Tax Court. *See id.* The lawsuit was assigned docket number 15034-91. *Id.* at 1. Among other things, Housman argued the statute of limitations barred assessment of income tax against the partners attributable to any partnership items for the taxable year 1985. *Id.* at 4. The IRS filed an answer, asserting it timely issued its FPAA under § 6229. *Id.* [#56-9] Ex. 8 (IRS Answer) at 3. On August 28, 2000, the Tax Court determined the FPAA was timely issued to AVF. *See Agri-Cal Venture Associates v. C.I.R.*, 80 T.C.M. (CCH) 295, 2000 WL 1211147 at *16 (T.C. 2000) (addressing this and other cases consolidated).

On April 16 2001, the IRS moved for entry of decision under Rule 248(b), representing the parties to the Tax Court case reached agreement on all disputed partnership items and confirming all parties meeting the interest requirements of I.R.C. § 6226 (d) were parties to the partnership proceedings. *See* Def.'s Mot. Summ. J. [#56-12] Ex. 11 (Mot. Entry) at 3. The motion further indicated the TMP for AVF agreed to the proposed decisions but did not "certify that no party objects to the granting of Respondent's Motion for Entry of Decision." *See id.* at 5.

Subsequently, on July 19, 2001, the Tax Court entered a stipulated decision reflecting various downward adjustments to AVF partnership items. Def.'s Mot. Summ. J. [#56-13] Ex. 12 (Tax Court Decision). The decision also stated "the foregoing adjustments to partnership items or to affected items for year 1985 is not barred by the provisions of I.R.C. § 6229." *Id.* at 2.

On September 23, 2002, the IRS mailed Plaintiffs an income tax adjustment (Form 4549-A), documenting adjustments to Plaintiffs' 1985 taxes based on the Tax Court Decision. *Id.* [#56-14] Ex. 13 (Adjustment Letter). Later that month, the IRS assessed $65,952.00 in additional tax and $248,432.62 in interest against Plaintiffs. *Id.* [#56-5] Ex. 4 (IRS Transcript) at 3. Plaintiffs paid these assessments in full starting in November 2002. *Id.*

On November 9, 2004, Plaintiffs filed an amended income tax return (Form 1040X), requesting a refund of $62,952 in taxes for tax year 1985. *Id.* [#56-15] Ex. 14 (Refund Claim) at 2. Plaintiffs also filed a claim for refund and request for abatement (Form 843) related to $185,905.69 in interest paid. *Id.* In the accompanying letter of explanation, Plaintiffs asserted the IRS assessed taxes and interest after the statute of limitations expired. *Id.* at 4.

The IRS denied the refund claims on January 25, 2005, and Plaintiffs filed this suit two years later on January 25, 2007. *See* Compl. [#1]. Originally, Plaintiffs brought two causes of action: one for tax year 1983 and another for tax year 1985. *See id.* ¶¶ 5–25. Plaintiffs dropped their claim as to tax year 1983. *See* Def.'s Mot. Summ. J. [#56] at 1, n.1. Additionally, Plaintiffs narrowed their remaining claim to limitations-related issues. *See* Joint Status R. [#41] at 1.

In February 2008, this case was stayed pending the results of related litigation. *See* Order of Feb. 7, 2008 [#23]. On July 25, 2017, the Court effectively lifted the stay with entry of a revised scheduling order. *See* Order of July 25, 2017 [#42]. Now, the parties have filed cross-motions for summary judgment, which are ripe for consideration.

## Analysis

### I. Summary Judgment—Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact

8

and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II. Application

Plaintiffs' only remaining claim is a for a refund of taxes and interest related to tax year 1985 for what Plaintiffs contend was an untimely assessment by the IRS after the three-year statute of limitations set forth in § 6501(a) expired. Pls.' Mot. Summ. J. [#58] at 1, 7–8, 16–20. The Government argues the Court lacks jurisdiction over Plaintiffs' refund claim because (1) §7422(h) deprives the Court of jurisdiction and (2) Plaintiffs failed to timely file their claim.

As explained below, the Court agrees it lacks jurisdiction over Plaintiffs' claim.

### A. Lack of Jurisdiction Under § 7422(h)

District courts generally have subject matter jurisdiction over an individual partner's refund claim. *See* 28 U.S.C. § 1346(a)(1); 26 U.S.C. § 7422(a). However, TEFRA deprives a district court of jurisdiction over claims "brought for a refund attributable to partnership items." *See* 26 U.S.C. § 7422(h).

The dispositive question here is whether Plaintiffs' refund claim is attributable to partnership items. "If the refund is attributable to partnership items, section 7422(h) applies and deprives the court of jurisdiction. If, on the other hand, the refund is attributable to nonpartnership items, then section 7422(h) is irrelevant, and the general grant of jurisdiction is effective." *Irvine*, 729 F.3d at 461.

10

Plaintiffs' refund claims are attributable to a partnership item. In Tax Court, the IRS argued limitations attributable to tax year 1985 were extended by § 6229(a) and by agreement of the TMP under § 6229(b). *See* IRS Answer at 4. The Tax Court agreed, concluding § 6229 extended the limitations period for the IRS to submit an FPAA to AVF. *See Agri-Cal*, 2000 WL 1211147 at *15–16. In addition, the Tax Court Decision stated "the foregoing adjustments to partnership items or to affected items for year 1985 is not barred by the provisions of I.R.C. § 6229." Tax Court Decision at 2. Because the IRS sought an extension of limitations under § 6229, the claim for refund is attributable to a partnership item. *See Irvine*, 729 F.3d at 461–62 ("where the government asserts § 6229 as a basis to extend the § 6501(a) statute of limitations, the claim for refund is 'attributable to' a partnership item and § 7422(h) bars consideration of the limitations claim."); *see also Kercher v. United States*, 539 F. App'x 517, 521 (5th Cir. 2013) ("where both are asserted, the § 6501 limitations period applicable to an individual partner cannot be determined without reference to the asserted bases for extensions under 26 U.S.C. § 6229, which is a partnership item.").

Under § 7422(h), this Court lacks jurisdiction to consider Plaintiffs' refund claim premised on a partnership item. *See* 26 U.S.C. § 7422(h); *see also Irvine*, 729 F.3d at 461–62 (affirming district court lacked jurisdiction under § 7422(h) over refund claim premised on assessment after statute of limitations); *Kercher*, 539 F. App'x at 521 (same); *Duffie* 600 F.3d at 371–72 ("district courts do not have jurisdiction in a partner-level refund suit over a claim that tax and interest were assessed after the statute of limitations expired."); *Weiner v. United States*, 389 F.3d 152, 157 (5th Cir. 2004).

Plaintiffs' efforts to distinguish this case from the above-cited precedent are unavailing. First, Plaintiffs argue their case is different because they did not settle partnership items with the

11

IRS. As the argument goes, § 7422(h) is limited to unresolved partnership items of which there are none here because the Tax Court Decision resolved all partnership items for unsettled parties. *See* Pls.' Mot. Summ. J. [#58] at 14. The Court finds no rationale for differentiating among the Fifth Circuit's cases examining generally applicable TEFRA provisions based on whether the partners were settled or unsettled. *See Kercher*, 539 F. App'x at 521 (applying § 7422(h) jurisdictional bar to unsettled partners). Further, Plaintiffs' assertion § 7422(h) is limited to unresolved partnership items is contrary to the Fifth Circuit case law. *See Duffie*, 600 F.3d at 382–84 (applying § 7422(h) to bar reconsideration of an issue resolved by the Tax Court). Second, Plaintiffs assert requested "refunds are not attributable to partnership items" because the assessment deadline under § 6501(a) is specific to each partner. *Id.* This argument disregards the significant interplay between § 6501(a) and § 6229. *See Irvine*, 729 F.3d at 461–62 (noting "the significant interplay between § 6501(a) and § 6229(a)," in determining the IRS's assertion of a § 6229 extension renders a refund claim attributable to a partnership item).

To summarize, the Court lacks jurisdiction of Plaintiffs' refund claim under § 7422(h) because the claim is attributable to a partnership item. As the Fifth Circuit has repeatedly declared, "a refund court litigating or re-litigating a partnership item, such as the merits of the asserted § 6229 basis for an extension of the limitations period, is exactly the result prohibited by TEFRA." *Rodgers*, 843 F.3d at 192 (quoting *Irvine*, 729 F.3d at 461–62). Accordingly, the Court grants the Government's motion for summary judgment on this issue.

**B.     Lack of Jurisdiction Based on Timing of Refund Action**

The Court also lacks jurisdiction because Plaintiffs failed to timely file their refund claim. To overcome sovereign immunity in a tax refund action, a taxpayer must first file a refund claim with the IRS within the time limits established by the Internal Revenue Code. *Duffie*, 600 F.3d

at 384 (citing *United States v. Dalm*, 494 U.S. 596, 602 (1990)). A taxpayer's failure to file a timely refund claim with the IRS deprives the district court of subject matter jurisdiction. *Id.* (citing *Gustin v. United States*, 876 F.2d 486, 488 (5th Cir. 1989)).

Generally, a refund claim must be filed with the IRS "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires later. . . ." 26 U.S.C. § 6511(a). A taxpayer must file a refund claim for an erroneous computational adjustment within six months of the date the IRS mailed notice of computational adjustment to the partner. 26 U.S.C. § 6230(c)(2)(A). And the taxpayer has the burden of showing compliance with the applicable limitations period. *Duffie*, 600 F.3d at 386 (citing *Markarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

The Government claims the IRS's adjustment of Plaintiffs' tax liability was a computational adjustment because Plaintiffs were assessed additional tax and interest only to properly reflect changes to the partnership's expenses. Def.'s Mot. Summ. J. [#56] at 12. According to the Government, Plaintiffs missed the six-month deadline under 26 U.S.C. § 6230(c)(2) by failing to seek a refund within six months of when the IRS mailed its notice of the computational adjustments. *Id.* at 12–14 (citing *Duffie*, 600 F.3d. at 386 and *Kercher v. United States*, No. 4:07-cv-310, 2012 WL 874325 (E.D. Tex. 2012), *aff'd* 539 F. App'x 517 (5th Cir. 2013)).

Plaintiffs dispute the applicability of § 6230(c) and argue their refund claim was timely filed under § 6511(a). According to Plaintiffs, the six-month filing deadline in § 6230(c)(2)(A) only applies when a partner requests a refund because tax liability was erroneously computed. Pls.' Mot. Summ. J. [#58] at 15. Plaintiffs assert such is not the case here because they do not dispute the IRS computation of taxes. *Id.* Instead, Plaintiffs argue, their refund requests were

13

based on the improper deprivation of their "substantive statutory rights to their assessment deadline" subject to the general § 6511(a) refund filing deadline of two years from the time the tax was paid. *See* Resp. [#60] at 8–10.

The Court is convinced the six-month limitations of § 6230(c)(2)(A) applies to Plaintiffs' refund claim. Where, as here, the refund claim asserts a computational adjustment should not have been imposed at all, the refund claim may still be considered an erroneous computation claim under § 6230(c). *See Kercher*, 2012 WL 874325, at *6–*8 (applying the § 6230 six-month deadline where the taxpayer did not dispute the calculated amount of additional taxes but contested whether the IRS should have imposed the additional tax without evidence of the taxpayer's amended return). At the partner-level, the IRS is computationally applying partnership-level adjustments to assess Plaintiffs' tax liabilities. Because the adjustment to Plaintiffs' tax was computational—without any factual determination at the partner level—rather than substantive, the TEFRA six-month deadline applies to this case. *See Kercher*, 539 F. App'x at 523; *see also Duffie*, 600 F.3d at 386 (IRS's assessment of interest under § 6621(c) was a computational item and the six-month deadline applied).[6]

Finally, Plaintiffs assert the IRS failed to meet the notice requirements of § 6230(c)(2). Pls.' Resp. [#60] at 9–10. The six-month deadline in § 6230(c)(1)(A) is triggered upon "notice of computational adjustment to the partner." *See* 26 U.S.C. § 6230(c)(2). Plaintiffs suggest the Adjustment Letter mailed September 23, 2002 was insufficient to trigger the six-month deadline because it was ambiguous as to the amount of Plaintiffs' tax liability. Pls.' Resp. [#60] at 9–10. The record, however, reflects Plaintiffs were aware of their of tax liability arising from their computational adjustment in 2002. *See* Pls.' Mot. Summ. J. [#58] at 6 ("On September 30, 2002,

---

[6] Plaintiffs argue the Government's reliance on *Duffie* and *Kercher* is misplaced. Pls.' Resp. [#60] at 12–13. The Court has considered these arguments, but finds the analyses in *Duffie* and *Kercher* persuasive and applicable to the facts of this case.

14

the Rocks were assessed $62,952 (tax) and $248,432.62 (interest). The assessments were paid in full beginning November 18, 2002"); *see also Kercher*, 539 F. App'x 517, 524 (finding taxpayers had adequate notice of the additional taxes, including penalty interest, at least by the time they paid those taxes and interest in full). Plaintiffs nonetheless waited until November 9, 2004, to file a refund claim, well beyond the six-month deadline in § 6230(c).

Because Plaintiffs cannot meet their burden of showing compliance with the applicable limitations period, this Court finds it lacks jurisdiction over Plaintiffs' refund claims.

## Conclusion

Plaintiffs' refund claims are attributable to a partnership item, and thus § 7422(h) bars this Court from exercising jurisdiction over this case. Alternatively, Plaintiffs' failure to file timely refund claims with the IRS deprives this Court of subject matter jurisdiction. Therefore, the Court grants the Government's motion for summary judgment, denies Plaintiffs' motion for summary judgment, and dismisses this case for lack of subject matter jurisdiction.

Accordingly,

IT IS THEREFORE ORDERED that Plaintiffs Robert Rock and Verree Rock's Motion for Summary Judgment [#58] is DENIED;

IT IS FURTHER ORDERED that Robert Rock and Verree Rock's Motion for Leave to File Sur-Reply [#65] is GRANTED; and

IT IS FURTHER ORDERED that the United States of America's Motion for Summary Judgment [#56] is GRANTED.

SIGNED this the 26th day of June 2018.

/s/ Sam Sparks
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE